```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF TEXAS
                           HOUSTON DIVISION


DARRYL DEWAYNE ROBINSON,         §
SPN #01179486,                   §
                                 §
             Petitioner,         §
                                 §
v.                               §   CIVIL ACTION NO. H-05-3512
                                 §
TOMMY THOMAS,                    §
                                 §
             Respondent.         §
```

## MEMORANDUM OPINION AND ORDER

Darryl Dewayne Robinson, a Harris County Jail inmate, challenges his eighteen-year sentence pursuant to a state court conviction for aggravated robbery. State v. Robinson, No. 1015944 (178th Dist. Ct., Harris County, Tex., Sept. 30, 2005). In support of his challenge, Robinson alleges that he was never identified as the perpetrator, despite three line-ups, and that no weapon was found on him when he was arrested. He further alleges that he is incompetent to stand trial because he hears voices and experiences hallucinations. This petition will be dismissed for failure to exhaust state court remedies.

The pending federal habeas petition reflects that Robinson did not file an appeal or a post-conviction state application for a writ of habeas corpus after his conviction. In light of Robinson's allegations of mental difficulties, this court verified with the Harris County District Clerk's Office that Robinson took no action after he was convicted on September 30, 2005.

A federal habeas petitioner challenging the validity of his incarceration pursuant to a state court conviction must exhaust available state remedies before seeking relief in the federal courts.  28 U.S.C. § 2254(b)(1); Nobles v. Johnson, 127 F.3d 409, 419-420 (5th Cir. 1997).  The substance of the claims must have been presented to the state's highest court, the Texas Court of Criminal Appeals in this case.  See Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998).  In doing so the petitioner must present all legal theories and factual allegations that support his claims for relief.  Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001).  To satisfy this requirement the federal claims must have been fairly presented to the Court of Criminal Appeals either in a petition for discretionary review or in an application for a writ of habeas corpus.  See Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990).

The exhaustion requirement is based in part on the principle of comity in which the states have the first opportunity to address and correct alleged violations of a state prisoner's federal rights before consideration by the federal courts.  Mercadel v. Cain, 179 F.3d 271, 277 (5th Cir. 1999), citing Coleman v. Thompson, 111 S.Ct. 2546, 2555 (1991).

As stated above, the petitioner has not filed a direct appeal, nor has he filed a state habeas application in which he has brought his claims to the attention of the Court of Criminal Appeals. Accordingly, this action will be dismissed without prejudice for

failure of the petitioner to present his claims to the Texas Court of Criminal Appeals as required by 28 U.S.C. § 2254.

Should Robinson file a notice of appeal, this court **DENIES** the issuance of a certificate of appealability for the reasons stated in this Memorandum Opinion and Order.  28 U.S.C. § 2253; Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997).

The petitioner's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 16th day of February, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE